No. 24,100.

## L. E. ALLEN, *Appellant,* v. GUY SWALLOW, *Appellee.*

SYLLABUS BY THE COURT.

ACTION—*Statutory Forfeiture—Attempted Removal of a Fugitive from Justice from this State.* The defendant, as chief of police of the city of Topeka, took the plaintiff into custody, and detained him until he was discharged on writ of habeas corpus, on telegrams from officials of the state of Iowa that the plaintiff had committed felony in that state and that the officials had commenced requisition proceedings. *Held,* the defendant was not liable for the statutory penalty. for removing, or doing any act toward removing, a fugitive from justice from this state, without proper rendition proceedings.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 6, 1923. Affirmed.

*J. M. Stark,* of Topeka, for the appellant.
*Edward Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the statutory penalty for removing, or doing any act toward removing, a fugitive from justice, from this state, without authority to do so, pursuant to provisions of the act relating to rendition of fugitives from justice. The plaintiff was defeated, and appeals.

The defendant was chief of police of the city of Topeka. As such officer, he took the plaintiff into custody and held him, pursuant to the following telegrams:

"Muscatine, Iowa, June 20, 1921. Chief of Police, Topeka, Kansas. Hold state warrant breaking and entering in night time for L. E. Allen. Arrest and notify at once by wire. S. G. Bronner, Chief of. Police.

"Muscatine, Iowa, June 21, 1921. Captain of Police, Topeka, Kansas. Hold L. E. Allen. Started requisition proceeding today. L. A. Crull.

"Muscatine, Iowa, June 22, 1921. Chief of Police, G. A. Swallow, Topeka, Kansas. Warrant mailed this morning for L. E. Allen. Hold. Will be there with requisition. Has been before. R. J. Wiley, Sheriff."

Later a warrant issued for the plaintiff in the state of Iowa was placed in the defendant's hands. The plaintiff was taken into custody on June 20, 1921. On June 21, he instituted a proceeding in habeas corpus, which was heard on June 24. The defendant made a return, showing the occasion for the plaintiff's detention, and testified he believed the Iowa officers were making an effort to procure a

requisition and had not had time to do so. The plaintiff was released from custody, pursuant to the following findings:

"The court finds that the respondent, in restraining the petitioner of his liberty, was acting as chief of police of the city of Topeka, in good faith and without malice, and with probable cause to believe the petitioner guilty of a felony, but that the authority under which he held the petitioner is not sufficient, although the facts set forth in said answer of the respondent are true, and that the petitioner should be discharged; . . ."

At the trial of the present action, the writ, the return, the evidence, and the judgment in the habeas corpus proceeding, were introduced in evidence. A witness for the plaintiff testified that, on June 21, when the time for hearing the habeas corpus proceeding was fixed, plaintiff's counsel informed the defendant he would be liable for restraining the plaintiff, and the defendant said he would take a chance.

The statute provides for arrest of a fugitive from justice on a warrant issued by the governor, and for delivery to the agent of the executive of the demanding state. The statute also provides for arrest and detention of a person charged in this state with commission of crime in another state, and for delivery, on warrant of the governor of this state to the agent of the executive of the state in which the crime was committed, if such delivery be demanded. The plaintiff's contention is that an arrest without a warrant violates the section under which the action was prosecuted, which reads as follows:

"No person shall take or remove any fugitive from this state, or do any act toward such removal, unless authorized to do so pursuant to the provisions of this act; and any person violating the provisions of this section shall forfeit and pay to the aggrieved party a sum not less than five hundred dollars." (Gen. Stat. 1915, § 4920.)

The plaintiff misreads the statute. It was designed to prevent taking or removal, and attempted taking or removal, from this state, of a fugitive from justice, without previous sanction of the governor of this state. There was no evidence that the defendant did any act toward that kind of a removal, and the clear inference from the evidence was that he was holding the plaintiff until he could be properly extradited.

The judgment of the district court is affirmed.